1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         EASTERN DISTRICT OF WASHINGTON

8                                    AT SPOKANE

9   KELLY BURNS, TROY BURNS, and the          Case No.
    community property comprised thereof,
10                                             **NOTICE OF REMOVAL OF ACTION**
11              Plaintiffs,                     **UNDER 28 U.S.C. § 1441(a)**

            v.
12
    CREDIT CONTROL, LLC, a Missouri
13  Limited Liability Company.

14              Defendant.

15

16          PLEASE TAKE NOTICE THAT defendant removes to this court the state court

17  action described below.

18          1.      This is a civil action over which the court has original jurisdiction under

19  28 U.S.C. § 1331, and which may be removed to this court under 28 U.S.C. § 1441(a),

20  because it involves claims under the Fair Debt Collection Practices Act, 15 U.S.C.

21  § 1692 *et seq.* ("FDCPA").

22          2.      Plaintiff purported to serve a summons and complaint on defendant.  No

23  case number was included and, to defendant's knowledge, the complaint has not been

24  filed.  A copy of the summons and complaint are attached as Exhibit A.

25  / / /

26  / / /

1    3.    This Notice of Removal is timely because the earliest that plaintiff

2   purported to serve defendant was on or around October 25 2018.

3    4.    Venue is proper in this district because it is the district embracing the

4   place where the action is pending.  *See* 28 U.S.C. § 1441(a).

5    5.    Defendant is unaware of any further proceedings that have occurred in the

6   case.

7    6.    In filing this notice, defendant does not waive any defenses or claims

8   including (but not limited to) any defenses based on jurisdiction, service or statute of

9   limitations.

10   DATED: November 21, 2018

11                                  COSGRAVE VERGEER KESTER LLP

12

13                                  *s/ Robert E. Sabido*

14                                  Robert E. Sabido, WSBA No. 29170
                                    rsabido@cosgravelaw.com

15                                  888 SW Fifth Avenue, Suite 500
                                    Portland, OR 97204

16                                  Telephone: (503) 323-9000
                                    Fax: (503) 323-9019

17                                  Attorneys for Defendant

18

19

20

21

22

23

24

25

26

Page 2 -   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**

Fed Notice of Removal - Burns Kelly

**COSGRAVE VERGEER KESTER LLP**
**Attorneys**
**888 SW Fifth Avenue, Suite 500**
**Portland, OR 97204**
**(503) 323-9000**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)** on the date indicated below by:

☒  mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐  hand delivery,

☐  facsimile transmission,

☐  overnight delivery,

☐  electronic filing notification

I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorneys at the address listed below:

Robert Mitchell
Robert Mitchell, Attorney at Law, PLLC
1020 N. Washington St.
Spokane, Washington  99021

Attorney for Plaintiffs

DATED:  November 21, 2018

_s/ Robert E. Sabido_
Robert E. Sabido

Page 1 - **CERTIFICATE OF SERVICE**

Fed Notice of Removal - Burns Kelly

COSGRAVE VERGEER KESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

1
2
3
4
5
6

**STATE OF WASHINGTON**
**SPOKANE COUNTY SUPERIOR COURT**

7
8

KELLY BURNS, TROY BURNS, and the
community property comprised thereof,

NO.

9

Plaintiff,

10

v.

SUMMONS

11

CREDIT CONTROL, L.L.C., a Missouri
Limited Liability Company,

12

Defendant.

13

**CREDIT CONTROL, L.L.C. a Missouri Limited Liability Company**: A lawsuit has

14  been started against you in the above-entitled Court by Plaintiff.  Plaintiff's claims are stated in

15  the written Complaint, a copy of which is served upon you with this Summons.

16          In order to defend against this lawsuit, you must respond to the Complaint by stating your

17  defense in writing, and by serving a copy upon the person signing this Summons within twenty

18  (20) days after the service of this Summons, excluding the day of service, or within sixty (60)

19  days if this Summons is served outside the State of Washington, or within forty (40) days if this

20  Summons is served through the Insurance Commissioner's Office, or a default judgment may be

21  entered against you without notice.  A default judgment is one where Plaintiff is entitled to what

22  it asks for because you have not responded.  If you serve a notice of appearance on the

23  undersigned person, you are entitled to notice before a default judgment may be entered.

24          You may demand that the Plaintiff file this lawsuit with the Court.  If you do so, the

25  demand must be in writing and must be served upon the person signing this Summons.  Within

SUMMONS - Page 1 of 2

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

EXHIBIT A Page 1 of 19

1 | fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,

2 | or the service on you of this Summons and Complaint will be void.

3 |     If you wish to seek the advice of an attorney in this matter, you should do so promptly so

4 | that your written response, if any, may be served on time.

5 |     This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

6 | of Washington.

7 |     DATED this __19th__ day of October, 2018.

8 |                PLAINTIFF'S COUNSEL

ROBERT MITCHELL, WSBA No. 37444
Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St.
Spokane, WA 99201
Telephone: (509) 327-2224
bobmitchellaw@yahoo.com

SUMMONS - Page 2 of 2

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224      Fax (888) 840-6003

**STATE OF WASHINGTON**
**SPOKANE COUNTY SUPERIOR COURT**

| | |
|---|---|
| KELLY BURNS, TROY BURNS, and the community property comprised thereof, | NO. |
| Plaintiff, | PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE CONSUMER |
| v. | |
| CREDIT CONTROL, L.L.C., a Missouri Limited Liability Company, | PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES |
| Defendant. | ACT, *INTER ALIA* |

COME NOW, Plaintiffs, KELLY BURNS, TROY BURNS, and the marital community comprised thereof, by and through their counsel, ROBERT MITCHELL, and complain against the Defendant as follows:

## I.   STATEMENT OF THE CASE

Defendant, Credit Control, L.L.C. is using unfair and deceptive practices in attempt to deceive Washington consumers about the status of time barred debts. Defendant's collection letters do not contain a date of last payment or date of default. Defendant's letters fail to inform Washington consumers about the drastic consequences associated with paying time barred debt, like: reviving the statute of limitations and renewing an expired credit reporting period. Worse yet, the letters suggest consequences for nonpayment that simply do not exist.

PLAINTIFFS' COMPLAINT                     1

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224    Fax (888) 840-6003

1    Most collectors have moved to the safer method of actually explaining in collection

2    correspondence that the debt is beyond the statute of limitations, and assuring consumers that

3    the collector will not file a debt collection lawsuit, even if voluntary payment is not received.

4    Defendant's collection letters do not explain this to consumers. Instead, Defendant has chosen

5    to push the envelope. To that end, one Federal Court stated: "…in the general context of

6    consumer protection - of which the Fair Debt Collection Practices Act is a part-it does not

7    seem 'unfair to require that one who deliberately goes perilously close to an area of proscribed

8    conduct shall take the risk that he may cross the line." *Russell v. Equifax A.R.S.*, 74 F.3d 30

9    (2d Cir. 1996). Defendant crossed the line in this case.

10

11    Defendant's practices violate the Fair Debt Collection Practices Act at 15 U.S.C.

12    1692e. *See, McMahon v. LVNV Funding, L.L.C.*, 744 F.3d 1010 (7th Cir. Mar. 11, 2015);

13    *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015); *Daugherty v. Convergent*

14    *Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016); and *Pantoja v. Portfolio Recovery Associates,*

15    *L.L.C.*, 852 F. 3d 679 (7th Cir. 2017), *inter alia*. Defendant's conduct also violates

16    Washington's Consumer Protection Act at RCW 19.86.090. *See, Panag v. Farmers Ins. Co.*,

17    166 Wn.2d 27, 204 P.3d 885 (2009). Plaintiffs were injured and damaged by Defendant's

18    unfair and deceptive conduct. Plaintiffs seek an injunction to stop Defendant from using

19    similar collection letters to harm other Washington Consumers.

20

21

22                                    **II.    PARTIES**

23    2.1    Plaintiffs, KELLY and TROY BURNS are residents of Spokane County,

24    Washington.

25

PLAINTIFFS' COMPLAINT                        2

26                                                    Robert Mitchell, Attorney at Law
                                                     1020 N. Washington
                                                     Spokane, WA 99201
                                                     (509) 327-2224    Fax (888) 840-6003

2.2    Plaintiffs obtained a credit card from Kohl's, which they used primarily for personal, family, and household purposes.

2.3    Defendant alleges that Plaintiffs defaulted on the consumer credit card "debt" by failing to make timely payments.

2.4    Plaintiffs are therefore "debtor[s]" as defined by the Fair Debt Collection Practices Act (FDCPA), and "person[s]" as defined by the Consumer Protection Act (CPA), and Plaintiffs acted as "debtor[s]" and "person[s]" at all times relevant to this litigation.

2.5    Defendant, CREDIT CONTROL, L.L.C. (hereinafter "Defendant"), is a Missouri Limited Liability Company, a "collection agency," a "debt collector" and a "person," which regularly collects stale accounts originally owed to others.

2.6    Defendant is licensed to engage in business in this state pursuant to UBI No. 602621572.

2.7    Defendant made attempts to collect the debt at the heart of this case from Plaintiffs.

2.8    Defendant has been sued 68 times in federal court alone.

### III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in Spokane County Superior Court are appropriate where all acts at issue and described herein occurred in Spokane County, Washington, and where the injury to Plaintiff occurred in Spokane County, Washington, and where the Defendant has engaged in substantial business contacts in Spokane County, Washington, and where Defendant has already submitted to this jurisdiction by threatening to take action against

PLAINTIFFS' COMPLAINT                                3

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224    Fax (888) 840-6003

1   Plaintiff in this jurisdiction, and where the Plaintiff prays for injunctive relief that exceeds the

2   jurisdiction of the State District Court.   RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and

3   7.40.010.

4

5       3.2     Defendant is liable unto Plaintiffs pursuant to the provisions of the Washington

6   Consumer Protection Act (CPA), RCW 19.86 et seq., and the Fair Debt Collection Practices

7   Act, 15 U.S.C. § 1692, et. seq., as well as other applicable state and federal laws.

8                               IV.    FACTS

9       4.1     Plaintiffs obtained a Kohl's credit card, which they used primarily for personal,

10  family, and household purposes.

11      4.2     Plaintiff, Mr. Burns is disabled.

12      4.3     In approximately 2011, one of Plaintiffs' children became ill, which resulted in

13  substantial medical costs.

14      4.4     Plaintiffs stopped making payments on their Kohl's credit card on or about

15  2011.

16      4.5     At that time, the balance on the account was less than $1,000.00.

17      4.6     Plaintiffs have not made a payment on their Kohl's card since.

18      4.7     On September 25, 2018, Defendant mailed Plaintiffs a collection letter

19  demanding payment of "**$1,363.74.**"

20      4.8     The letter does not explain the basis for the added balance.

21      4.9     Defendant's letter then states in pertinent part: "**Subject to your rights as set

22  forth below, our client has authorized us to extend you affordable options to resolve this

23  account.  Upon completion of one of the options below, this account will be considered

24  resolved.**"

25

26  PLAINTIFFS' COMPLAINT                    4           Robert Mitchell, Attorney at Law
                                                          1020 N. Washington
                                                          Spokane, WA  99201
                                                          (509) 327-2224     Fax (888) 840-6003

4.10    The only "**rights as set forth below**" are payment options.

4.11    One of the options is to make "12 consecutive monthly payment(s)" to pay the balance in full.

4.12    Defendant chose these letters, words, and phrases to convey the impression that the *only* "**rights**" Plaintiffs had was to pay the time barred debt.

4.13    Plaintiffs were in fact deceived into believing that they needed to pay the time barred debt, pursuant to the "**rights**" listed in Defendant's collection letter.

4.14    Defendant's collection letter further states in pertinent part: "**Take advantage of one of these options to move you closer to debt reduction and less financial worry!**"

4.15    Defendant chose the phrase "**worry!**" to instill fear in Plaintiffs that they had something to "**worry!**" about if they refused to pay the debt.

4.16    To pressure Plaintiffs into paying immediately, the very next sentence in the letter states: "**We are not obligated to renew this offer.**"

4.17    However, time was not of the essence because the account was past the statute of limitations, and Plaintiffs had nothing to fear from nonpayment because Defendant could no longer sue or credit report to enforce the account.

4.18    Nowhere does Defendant's collection letter disclose the date of last payment on the account.

4.19    Nowhere does Defendant's collection letter disclose that the account is beyond the statute of limitations.

4.20    Nowhere does Defendant's collection letter warn Plaintiffs that making even a partial payment, which is one of the options listed as a "**right**" in Defendant's collection letter, would revive the statute of limitations for another six years.

PLAINTIFFS' COMPLAINT                          5                  Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224        Fax (888) 840-6003

4.21    Nowhere does Defendant's collection letter warn Plaintiffs that making even a partial payment, which is one of the options listed as a "**right**" in Defendant's collection letter, would revive the credit reporting period for another seven years.

4.22    Courts have recommended that debt collectors warn consumers of the consequences of paying time barred debts.

4.23    Many debt collectors have adopted this as a standard practice.

4.24    Defendant chose to press the envelope.

4.25    Plaintiffs were forced to pay to obtain a copy of their consumer credit report to verify that this debt is too old to collect through credit reporting and/or litigation.

4.26    Plaintiff suffered other economic and non-economic injuries and damages as a direct and proximate result of Defendant's unfair and deceptive collection letter.

4.27    Defendant's unfair and deceptive collection letter occurred in trade and commerce.

4.28    Defendant's unfair and deceptive practices have a public impact. *See, Panag v. Farmers Ins. Co.*, 166 Wn.2d 27, 204 P.3d 885 (2009).

4.29    Defendant's unfair and deceptive practices have the capacity for repetition.

4.30    Defendant's unfair and deceptive practices will injure other Washington consumers unless this Court issues appropriate injunctive relief.

## V.    FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

### (Application of the Statute)

5.1    Plaintiffs re-allege paragraphs I. through IV., inclusive as though fully set forth herein.

PLAINTIFFS' COMPLAINT                          6                    Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

5.4    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

5.5    Defendant collection agency is, without a doubt, a "debt collector" as defined by the FDCPA.

5.6    Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant collection agency is a "debt collector" which attempted to collect a debt owed to a third party.

## VI.    FIRST CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

### (False, Deceptive, or Misleading Representations)

6.1    Plaintiffs re-allege paragraphs I. through V., inclusive as though fully set forth herein.

PLAINTIFFS' COMPLAINT                    7

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

6.2    The Fair Debt Collection Practices Act (FDCPA) states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

6.3    The act further states that the following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt...." 15 U.S.C. § 1692e(2).

6.4    The act further states that the following conduct is a violation of section 1692e: "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

6.5    The act further states that the following conduct is a violation of section 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

6.6    In this case, Defendant mailed a collection letter to Plaintiffs in attempt to collect a time barred debt, with an unlawfully inflated balance.  The letter did not disclose how the debt was increased.  The letter did not disclose the date of last payment or that the debt was beyond the statute of limitations.  The letter did not warn Plaintiffs against the drastic consequences of making a payment on a time barred debt, including reviving the statute of limitations and reviving the credit reporting period.  Instead, Defendant's letter used words and phrases designed to convey the impression that Plaintiffs' legal rights were limited to payment of the time barred debt, and that failure to pay the account would result in "worry!" and other undisclosed consequences.

6.7    Defendant therefore violated the statute by falsely representing the character, amount and legal status of the subject debt.

PLAINTIFFS' COMPLAINT                          8                    Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224      Fax (888) 840-6003

6.8    Defendant therefore violated the statute by issuing veiled threats of actions Defendant could not take to collect this ancient account.

6.9    Defendant therefore violated the statute by the use of false representations and deceptive means to attempt to collect the subject debt.

6.10    Plaintiffs were injured by Defendant's actions.

6.11    Defendant's actions were a direct and proximate cause of Plaintiffs' injuries and damages.

6.12    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.13    Defendant's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## VII.    SECOND CAUSE OF ACTION

### (Per Se Consumer Protection Act – State Collection Agency Act Violation)

7.1    Plaintiffs re-allege paragraphs I. through VI., inclusive as though fully set forth herein.

7.2    Washington's Consumer Protection Act (hereinafter "CPA") states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

7.3    The Washington CPA applies to the actions at issue herein because the Plaintiffs are "person[s]" and the Defendant is a "person," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiffs were damaged in their property by Defendant's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

PLAINTIFFS' COMPLAINT                    9                    Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224      Fax (888) 840-6003

7.4    Additionally, the Washington Collection Agency Act (hereinafter "WCAA") prohibits collection agencies from engaging in certain unfair and/or deceptive collection acts or practices.  RCW 19.16.250(1 – 25).

7.5    Violations of the WCAA are *per se* violations of the Consumer Protection Act (WCPA).  RCW 19.16.440.

7.6    The "Prohibited Practices" section of the WCAA states in pertinent part that "No licensee or employee of a licensee shall:

> Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper legal action, process, or proceedings, which represents or implies that a claim exists unless it shall indicate in clear and legible type: (a) The name of the licensee and the city, street, and number at which he or she is licensed to do business; (b) The name of the original creditor to whom the debtor owed the claim if such name is known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall provide this name to the debtor or cease efforts to collect on the debt until this information is provided; (c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or her or its first notice to the debtor, an itemization of the claim asserted must be made including: (i) **Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;** (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor; (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection; (iv) Collection costs, if any, that the licensee is attempting to collect; (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or her or its behalf or on the behalf of a customer or assignor; and (vi) Any other charge or fee

PLAINTIFFS' COMPLAINT                          10

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224      Fax (888) 840-6003

that the licensee is attempting to collect on his or her or its own behalf or on the behalf of a customer or assignor; (d) If the notice, letter, message, or form concerns a judgment obtained against the debtor, no itemization of the amounts contained in the judgment is required, except postjudgment interest, if claimed, and the current account balance; (e) If the notice, letter, message, or form is the first notice to the debtor, an itemization of the claim asserted must be made including the following information: (i) The original account number or redacted original account number assigned to the debt, if known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee must make a reasonable effort to obtain this information or cease efforts to collect on the debt until this information is provided; and (ii) The date of the last payment to the creditor on the subject debt by the debtor, if known to the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee must make a reasonable effort to obtain this information or cease efforts to collect on the debt until this information is provided.[1]

7.7     The "Prohibited Practices" section of the WCAA further states in pertinent part that "No licensee or employee of a licensee shall: Communicate in writing with a debtor concerning a claim through a proper legal action, process, or proceeding, where such communication is the first written communication with the debtor, without providing the information set forth in subsection (8)(c) of this section in the written communication." RCW 19.16.250(9).

7.8     The "Prohibited Practices" section of the WCAA further states in pertinent part that "No licensee or employee of a licensee shall: Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor..."

7.9     The "Prohibited Practices" section of the WCAA further states in pertinent part that "No licensee or employee of a licensee shall: Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor..." RCW 19.16.250(13).

---

[1] RCW 19.16.250(8)(a – d).

PLAINTIFFS' COMPLAINT                    11

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224     Fax (888) 840-6003

7.10    The "Prohibited Practices" section of the WCAA further states in pertinent part that "No licensee or employee of a licensee shall: Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor."  RCW 19.16.250(15).

7.11    The "Prohibited Practices" section of the WCAA further states in pertinent part that "No licensee or employee of a licensee shall: Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made."  RCW 19.16.250(16).

7.12    Finally, the "Prohibited Practices" section of the WCAA states in pertinent part that "No licensee or employee of a licensee shall: Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250(21).

7.13    In this case, Defendant violated both the Washington Collection Agency Act and the Washington Consumer Protection Act (*per se* violation), by mailing a collection letter to Plaintiffs in attempt to collect a time barred debt, with an unlawfully inflated balance, and without stating the date of the last payment.  The letter did not disclose how the debt was increased.  The letter did not disclose the date of last payment or that the debt was beyond the statute of limitations.  The letter did not warn Plaintiffs against the drastic consequences of making a payment on a time barred debt, including reviving the statute of limitations and reviving the credit reporting period.  Instead, Defendant's letter used words and phrases designed to convey the impression that Plaintiffs' legal rights were limited to payment of the

PLAINTIFFS' COMPLAINT                                          12

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224      Fax (888) 840-6003

time barred debt, and that failure to pay the account would result in "worry!" and other undisclosed consequences.

7.14    Defendant's statutory violations are *per se* Consumer Protection Act violations.

7.15    Plaintiffs were injured and damaged by Defendant's unfair and deceptive actions.

7.16    Defendant's actions are a direct and proximate cause of Plaintiffs' injuries and damages.

7.17    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.18    Defendant's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## VIII.    THIRD CAUSE OF ACTION

### (Consumer Protection Act Violation – *In the Alternative*)

8.1    Plaintiffs re-allege paragraphs I. through VII., inclusive as though fully set forth herein.

8.2    In the alternative to a *per se* violation of Washington's CPA as alleged *Supra*, Defendant's collection actions are still "unfair" and "deceptive" as those terms are ambiguously defined and liberally construed to protect consumers. RCW 19.86.920.

8.3    In this case, Defendant violated the Washington Consumer Protection Act, by mailing a collection letter to Plaintiffs in attempt to collect a time barred debt, with an unlawfully inflated balance, and without stating the date of the last payment. The letter did not disclose how the debt was increased. The letter did not disclose the date of last payment or that the debt was beyond the statute of limitations. The letter did not warn Plaintiffs against the drastic consequences of making a payment on a time barred debt, including reviving the

PLAINTIFFS' COMPLAINT                                13

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224        Fax (888) 840-6003

statute of limitations and reviving the credit reporting period.  Instead, Defendant's letter used words and phrases designed to convey the impression that Plaintiffs' legal rights were limited to payment of the time barred debt, and that failure to pay the account would result in "worry!" and other undisclosed consequences.

8.4    Defendant's collection attempts are unfair and deceptive acts or practices in violation of Washington's Consumer Protection Act.

8.5    Defendant committed these unfair and deceptive acts or practices in the conduct of trade or commerce.

8.6    Defendant's actions involve a public interest, debt collection.  *See, Panag, Supra.*

8.7    Defendant's actions have the capacity for repetition.

8.8    Plaintiffs were injured and suffered actual economic injury and damages as a direct and proximate result of Defendant's unfair and deceptive actions.

8.9    Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.10    Defendant's actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## IX.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment to be entered against the Defendant as follows:

A.    For an Injunction preventing Defendant from ever again contacting Plaintiffs for any reason whatsoever, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778,

PLAINTIFFS' COMPLAINT                              14                    Robert Mitchell, Attorney at Law
                                                                        1020 N. Washington
                                                                        Spokane, WA 99201
                                                                        (509) 327-2224    Fax (888) 840-6003

783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

B.    For an Injunction preventing Defendant from ever sending the offending collection letter to any other Washington consumer, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

C.    For an Injunction preventing Defendant from ever attempting to collect a time barred debt from a Washington consumer without first informing the consumer that Defendant cannot sue to enforce the debt, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.    For an Injunction preventing Defendant from ever attempting to collect a time barred debt from a Washington consumer without first informing the consumer about the legal consequences associated with making a payment on a time barred debt, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

E.    For an Injunction preventing Defendant from ever mailing a collection letter to a Washington consumer in attempt to collect a time barred debt without disclosing the date of

PLAINTIFFS' COMPLAINT                    15                    Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224    Fax (888) 840-6003

last payment in the collection letter, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

F.      For an Injunction preventing Defendant from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

G.      For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

H.      For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. § 1692 et seq., and various common law claims;

I.      For Intentional Infliction of Emotional Distress, or Negligent Infliction of Emotional Distress damages in the amount of $25,000.00, per Plaintiff, pursuant to 15 U.S.C. § 1692 et seq.; and *Jackson v. Peoples Credit Union*, 604 P.2d 1025 (1979); and *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982);

PLAINTIFFS' COMPLAINT                                    16

Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224      Fax (888) 840-6003

J.      For Statutory damages in the amount of $1,000.00, per Plaintiff, pursuant to 15 U.S.C. § 1692, et seq.;

K.      For Incidental and Consequential damages in an amount to be proven at trial;

L.      For treble any "actual" damages up to the amount of $25,000.00, per Plaintiff, pursuant to RCW 19.86, et seq.;

M.      For costs and reasonable attorney's fees in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692 et seq. and RCW 19.86, et seq.;

N.      For interest on the above amounts as authorized by law;

O.      For other relief as the Court deems just and equitable; and

P.      For leave to amend this complaint as needed and as required, including CR 23 status if discovery proves numerocity and commonality of claims.

## X.      REQUEST FOR TRIAL BY JURY

Plaintiffs hereby request a trial by jury.


DATED this   19ᵗʰ   day of October, 2018.


Respectfully submitted,



ROBERT MITCHELL, WSBA #37444
Attorney for Plaintiffs



PLAINTIFFS' COMPLAINT                    17                    Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA  99201
(509) 327-2224    Fax (888) 840-6003